**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-1573**

─────────────

NUR MOHAMMED,

       Petitioner,

   v.

TODD BLANCHE, Acting U.S. Attorney General,

       Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  May 29, 2026                                      Decided:  June 11, 2026

─────────────

Before DIAZ, Chief Judge, KING, and WYNN, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Germantown, Maryland, for Petitioner.  Brett A. Shumate, Assistant Attorney General, Leslie McKay, Walter Bocchini, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nur Mohammed, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of Mohammed's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

Mohammed first challenges the immigration judge's adverse credibility finding, which the Board affirmed on clear error review. We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Illunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

We have reviewed the agency's credibility determination in light of the administrative record, including the transcript of Mohammed's removal hearing and the supporting evidence, as well as the relevant legal authorities. Despite Mohammed's argument to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), including the adverse credibility finding, and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *see also Illunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Mohammed also challenges the agency's finding that he did not submit sufficient corroborating evidence to rehabilitate his non-credible testimony or independently

2

establish his claim.    We conclude that substantial evidence supports the agency's determination that Mohammed's corroborating documentation was insufficient to rehabilitate his credibility.  *See Hui Pan v. Holder*, 737 F.3d 921, 930-31 (4th Cir. 2013). The Board declined to address Mohammed's remaining arguments regarding his applications for asylum and withholding of removal because the Board sustained the immigration judge's adverse credibility determination.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  We will not address Mohammed's remaining arguments on his applications for asylum and withholding of removal because the Board declined to address these arguments.  *See INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002).

Next, we have considered Mohammed's challenge to the denial of CAT protection and conclude that substantial evidence supports the denial of protection.  *See Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019) (stating standard of review).

Finally, Mohammed asserts that deficiencies and errors with the interpretation during his immigration court testimony violated his right to due process.  Removal proceedings are subject to the requirements of procedural due process.  *Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002).  To establish a due process violation, Mohammed "must demonstrate (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case."  *Nardea v. Sessions*, 876 F.3d 675, 681 (4th Cir. 2017) (internal quotation marks omitted).  We will find prejudice "only when the

3

rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Id.* (internal quotation marks omitted).

Mohammed contends that he was prejudiced because the immigration judge relied on inconsistencies caused by interpretation errors. After a review of the record, we agree with the Attorney General that the interpretation issues Mohammed raises were not connected to the immigration judge's findings of inconsistencies between Mohammed's testimony and the evidence in the record. Thus, Mohammed has not demonstrated prejudice from these interpretation errors. *See Singh v. Holder*, 699 F.3d 321, 336 (4th Cir. 2012). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*